UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN GARRICK,<br><br>    Plaintiff,<br><br>v.<br><br>JOCELYN FREEMAN GARRICK, et al.,<br><br>    Defendants. | Case No. 22-cv-04549-JST<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 67 |

Before the Court is the motion for attorney's fees filed by Defendants the County of Alameda, Alameda County Emergency Medical Services, the Alameda County Public Health Department, and Jocelyn Freeman Garrick in her official capacity (together "the County Defendants"). ECF No. 67. The Court will deny the motion without prejudice.

**I.   BACKGROUND**

This case arises out of Plaintiff Owen Garrick's civil rights complaint against the County Defendants. Garrick filed his First Amended Complaint ("FAC") on September 29, 2022. ECF No. 10. The County Defendants filed an anti-SLAPP motion to strike and motion to dismiss the FAC on November 2, 2022. ECF No. 20. On June 21, 2023, the Court granted in part and denied in part the County Defendants' first motion to dismiss and anti-SLAPP motion to strike, granting leave to amend. ECF No. 39. The Court also authorized the County Defendants to move for attorney's fees and costs. *Id.* at 11. The parties filed, and the Court granted, a stipulation allowing the County Defendants to file their motion for attorney's fees and costs 14 days after entry of final judgment in this action. ECF No. 42 at 4.

Garrick filed his Second Amended Complaint ("SAC") on August 9, 2023. ECF No. 46. The County Defendants filed a motion to dismiss and an anti-SLAPP motion to strike the SAC.

1  ECF No. 48.  On July 24, 2024, the Court granted the County Defendants' motion to dismiss the

2  federal claims in the SAC and declined to exercise supplemental jurisdiction over the remaining

3  state law claims.  ECF Nos. 65.  The Court denied the County Defendants' anti-SLAPP motion

4  without prejudice.  *Id.* at 20.

5  On August 7, 2024, the County Defendants timely filed the present motion for attorney's

6  fees.  ECF No. 67.  The County Defendants request $34,033.12—which includes fees incurred in

7  preparing both anti-SLAPP motions, the motions to dismiss, and the motion for fees, as well as

8  costs.  ECF No. 72 at 3.  Garrick filed an opposition, ECF No. 69, requesting that the Court

9  exercise its discretion to deny the County Defendants' request for legal fees.

## II.   LEGAL STANDARD

Under California law, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." Cal. Code Civ. Proc. § 425.16(c)(1).  "[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16." *Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001).  The anti-SLAPP statute must be construed broadly, *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1183–84 (S.D. Cal. 2008), and "[t]he Court has broad discretion in determining the reasonable amount of attorney fees and costs to award to a prevailing defendant," *Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002).

A court may properly deduct hours "unrelated to either the merits [anti-SLAPP] motion or the fees motion." *569 E. Cnty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 441 (2016).  However, a prevailing defendant is entitled to recover its attorney's fees that were "inextricably intertwined, *i.e.,* were incurred for addressing common legal issues." *Kearney*, 553 F. Supp. 2d at 1184.  "But mere common issues of fact are insufficient to award all fees when legal theories do not overlap or are not inextricably intertwined." *Id.*

"[A]s the parties seeking fees and costs, defendants 'bear[ ] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'  To that end, the court may require defendants to produce records sufficient to provide 'a proper basis

2

for determining how much time was spent on particular claims.'" *569 E. Cnty. Boulevard LLC*, 6 Cal. App. 5th at 432 (quoting *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001)).

## III. DISCUSSION

The Court begins by determining the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). As discussed below, the Court finds that counsel's billing rates are reasonable but that the County Defendants have provided insufficient information regarding the claimed hours.

### A. Billing Rates

The County Defendants submit a declaration from their attorney, Kevin E. Gilbert, who states that the average billing rates charged by the County Defendants' attorneys over the life of the case were as follows: $295 for the most senior partner, who has over 23 years of experience; $260 for an associate who has over ten years of experience (and who was promoted to senior counsel during this litigation and later charged $280); and $130 for a paralegal with 20 years of experience. ECF No. 67-1 ¶¶ 4–11.

"When determining an attorney's reasonable hourly rate, courts weigh the 'experience, skill, and reputation of the attorney requesting fees,' and compare the requested rates to prevailing market rates of the relevant community." *Funk v. Bank of Haw.*, No. 20-cv-01378-BLF, 2020 WL 3503881, at *2 (N.D. Cal. June 29, 2020) (quoting *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)). In this case, the "relevant community" for comparing reasonable attorney rates is the Northern District of California. *Id.* "District courts in Northern California have found that rates of $475–$975 per hour for partners and $300–$490 per hour for associates are reasonable." *Miletak v. AT&T Servs., Inc.*, No. 12-cv-05326-EMC, 2020 WL 6497925, at *6 (N.D. Cal. Aug. 3, 2020); *see also In re Magsafe Apple Power Adapter Litig.*, No. 5:09-cv-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) (finding that "in the Bay Area, reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240.").

3

The rates charged by the County Defendants' attorneys and paralegal fall below these ranges, and the Court finds them to be reasonable.

### B.     Reasonable Hours

"In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (internal citations omitted).

The County Defendants' attorneys state they spent a total of 119.5 hours pursuing this litigation. ECF Nos. 67-1 ¶ 12.[1] These hours are split into two time periods: "the first includes the time expended in responding to Plaintiff's claims until the June 21, 2023, Order was issued, granting the County Defendants' Motion to Dismiss and anti-SLAPP Motion in response to the [FAC] (totaling $15,288.25 in fees and costs), [and] the second [includes] the . . . preparation of the anti-SLAPP Motion in response to Plaintiff's [SAC] (totaling $32,533.12, which includes the time and expenses for the first anti-SLAPP Motion)." ECF No. 67-1 ¶ 14. As described in counsel's declaration, these hours were not spent solely on preparation of the County Defendants' first anti-SLAPP motion. Rather, they were also spent on the preparation of the County Defendants' motion to dismiss, as well as other tasks not necessarily encompassed by the first anti-SLAPP motion or the present fees motion, such as "reviewing Plaintiff's various complaints" and "meet[ing] and confer[ring] Plaintiff's former counsel." ECF No. 67-1 at 4–5. The hours also include work on a second anti-SLAPP motion, which the Court denied without prejudice.[2]

The County Defendants fail to meet their burden to show how the hours claimed are inextricably intertwined with the first anti-SLAPP motion. As the Court made clear in its order dismissing Garrick's FAC, "[w]ork that is inextricably intertwined with an anti-SLAPP motion is compensable," but "work performed on federal claims is not compensable." ECF No. 39 at 11 (quoting *Fallay v. San Francisco City and County*, No. 08-cv-2261-CRB, 2016 WL 879632, at *3

---

[1] The County Defendants note in reply that "additional fees and costs" relating to the reply brief and any hearing on the motion may "amount to approximately $1,500." However, they fail to provide any declaration explaining how they derived this estimate. ECF No. 72.
[2] The County Defendants do not cite any authority regarding their entitlement to fees for an anti-SLAPP motion which the Court denied.

4

(N.D. Cal. Mar. 8, 2016)); *see also Kearney*, 553 F. Supp. 2d at 1184 (denying award of fees where "defendants' arguments concern[ed] separate and distinct defenses . . . [including] section 1983 raised in the motion to dismiss.").

The Court did grant the County Defendants' anti-SLAPP motion concerning Plaintiff Garrick's allegations against Defendant Freeman Garrick. ECF No. 39 at 6. However, Freeman Garrick is not the only individual defendant in the case. Garrick also brought claims against Officers Karl Doe and John Doe in his SAC, alleging that they violated his rights under the Fourth and Fourteenth Amendments by threatening him while serving him with a denied restraining order. ECF No. 46 ¶¶ 2, 38, 59. These defendants did not bring an anti-SLAPP motion; rather, the County Defendants moved to dismiss these claims under Federal Rule 12(b)(6) arguing that Garrick failed to allege sufficient facts to state a claim. ECF No. 48 at 21 n.9.

The County Defendants do not attach any time sheets or billing records with their motion, or otherwise explain how their motion to dismiss the federal claims against Freeman Garrick and Officers Karl Doe and John Doe, and the other tasks they performed beyond the drafting of the anti-SLAPP and fees motions, are inextricably intertwined with their anti-SLAPP motion. Without that information, the Court "cannot with precision eliminate particular billing entries that are, in the Court's determination . . . not inextricably intertwined with the anti-SLAPP motion." *Fallay*, 2016 WL 879632, at *5. The Court will therefore deny the County Defendants' request without prejudice to a renewed motion in which they exclude non-compensable time and explain their method for doing so. The County Defendants are directed to submit, within 21 days of the date of this order, a supplemental brief revising their request for fees. If Plaintiff Garrick has any response to this filing, he must submit that response no later than 14 days after the County Defendants file their supplemental brief. The Court will then take the matter under submission without a hearing, unless otherwise ordered.

**C.    Costs**

The Court finds that recovery of the $32.12 fee for filing the motions reasonable and appropriate.

5

# CONCLUSION

For the reasons set forth above, the County Defendants' motion for attorney's fees is denied without prejudice. The County Defendants are directed to submit, within 21 days of the date of this order, a supplemental brief revising the request for fees. If Garrick has any response to this filing, he must submit that response no later than 14 days after the County Defendants file their supplemental brief.

**IT IS SO ORDERED.**

Dated: December 23, 2024

_____
JON S. TIGAR
United States District Judge