UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OWEN GARRICK,<br><br>    Plaintiff,<br><br>v.<br><br>JOCELYN FREEMAN GARRICK, et al.,<br><br>    Defendants. | Case No. 22-cv-04549-JST<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>Re: ECF No. 80 |

Before the Court is the motion for attorney's fees filed by Defendants the County of Alameda, Alameda County Emergency Medical Services, the Alameda County Public Health Department, and Jocelyn Freeman Garrick in her official capacity (together "County Defendants"), ECF No. 67, and County Defendants' supplemental brief in support, ECF No. 80. The Court will deny the motion.

**I.      BACKGROUND**

This case arises from Plaintiff Owen Garrick's civil rights complaint against the County Defendants. Garrick filed his First Amended Complaint ("FAC") on September 29, 2022. ECF No. 10. The County Defendants filed an anti-SLAPP motion to strike and motion to dismiss the FAC on November 2, 2022. ECF No. 20. On June 21, 2023, the Court granted in part and denied in part the County Defendants' first motion to dismiss and anti-SLAPP motion to strike, granting leave to amend. ECF No. 39. The Court also authorized the County Defendants to move for attorney's fees and costs. *Id.* at 11. The parties filed, and the Court granted, a stipulation allowing the County Defendants to file their motion for attorney's fees and costs 14 days after entry of final judgment in this action. ECF No. 42 at 4.

Garrick filed his Second Amended Complaint ("SAC") on August 9, 2023. ECF No. 46.

1   The County Defendants filed a motion to dismiss and an anti-SLAPP motion to strike the SAC.

2   ECF No. 48.  On July 24, 2024, the Court granted the County Defendants' motion to dismiss the

3   federal claims in the SAC and declined to exercise supplemental jurisdiction over the remaining

4   state law claims.  ECF Nos. 65.  The Court denied the County Defendants' anti-SLAPP motion

5   without prejudice.  *Id.* at 20.

6   On August 7, 2024, the County Defendants timely filed a motion for attorney's fees.  ECF

7   No. 67.  The County Defendants sought $34,033.12—which included fees incurred in preparing

8   both anti-SLAPP motions, the motion to dismiss, and the motion for fees, as well as costs.

9   Garrick filed an opposition, ECF No. 69, and the County Defendants replied.  ECF No. 72.

10   On December 23, 2024, the Court denied County Defendants' motion for attorney's fees

11   without prejudice.  ECF No. 79.  The Court explained that the hours for which County Defendants

12   sought repayment

> were not spent solely on preparation of the County Defendants' first anti-SLAPP motion.  Rather, they were also spent on the preparation of the County Defendants' motion to dismiss, as well as other tasks not necessarily encompassed by the first anti-SLAPP motion or the present fees motion, such as "reviewing Plaintiff's various complaint" and "meet[ing] and confer[ring] Plaintiff's former counsel." ECF No. 67-1 at 4–5.  The hours also include work on a second anti-SLAPP motion, which the Court denied without prejudice.
>
> The County Defendants fail to meet their burden to show how the hours claimed are inextricably intertwined with the first anti-SLAPP motion. . . . [Moreover, individual defendants Officer Karl Doe and Officer John Doe] did not bring an anti-SLAPP motion; rather, the County Defendants moved to dismiss these claims under Federal Rule 12(b)(6). . . .
>
> The County Defendants do not attach any time sheets or billing records with their motion, or otherwise explain how their motion to dismiss the federal claims against Freeman Garrick and Officers Karl Doe and John Doe, and the other tasks they performed beyond the drafting of the anti-SLAPP and fees motions, are inextricably intertwined with the anti-SLAPP motion." [*Fallay v. San Francisco Cty. & Cnty.*, No. C 08-2261 CRB, 2016 WL 879632, at *5 (N.D. Cal. Mar. 8, 2016).]  The Court will therefore deny the County Defendants' request without prejudice to a renewed motion in which they exclude non-compensable time and explain their method for doing so.

*Id.* at 4–5.  The Court then directed County Defendants "to submit . . . a supplemental

1  brief revising their request for fees." *Id.* at 5.  The Court further directed that Garrick could file a

2  response, at which point the Court would take the matter under submission without a hearing.  *Id.*

3  The County Defendants filed a supplemental brief on January 13, 2025.  ECF No. 80.

4  Garrick filed a response on January 27, 2025.  ECF No. 82.

## II. LEGAL STANDARD

Under California law, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." Cal. Code Civ. Proc. § 425.16(c)(1).  "[A]n award of fees may include not only the fees incurred with respect to the underlying claim, but also the fees incurred in enforcing the right to mandatory fees under Code of Civil Procedure section 425.16." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1121 (2001).  The anti-SLAPP statute must be construed broadly, *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1183–84 (S.D. Cal. 2008), and "[t]he Court has broad discretion in determining the reasonable amount of attorney fees and costs to award to a prevailing defendant." *Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002).

A court may properly deduct hours "unrelated to either the merits [anti-SLAPP] motion or the fees motion." *569 E. Cnty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 441 (2016).  However, a prevailing defendant is entitled to recover its attorney's fees that were "inextricably intertwined, *i.e.*, were incurred for addressing common legal issues." *Kearney*, 553 F. Supp. 2d at 1184.  "But mere common issues of fact are insufficient to award all fees when legal theories do not overlap or are not inextricably intertwined." *Id.*

"[A]s the parties seeking fees and costs, defendants 'bear[] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'  To that end, the court may require defendants to produce records sufficient to provide 'a proper basis for determining how much time was spent on particular claims.'" *569 E. Cnty. Boulevard LLC*, 6 Cal. App. 5th at 432 (quoting *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001)).

## III. DISCUSSION

County Defendants' revised request seeks fees and costs in the amount of $25,976.75

1    incurred in connection with the Rule 12(b)(6) motion to dismiss the FAC, the anti-SLAPP motion
2    to dismiss the FAC, and the fees motion and related supplemental brief.  ECF No. 80 at 5.  County
3    Defendants' revised fee request excludes work performed on the motions to dismiss the SAC and
4    the anti-SLAPP motion to strike the SAC, as well as work related to the requested dismissals of
5    Defendants Karl Doe and John Doe.  *Id.* at 6.

6    County Defendants still seek fees and costs related to their Rule 12(b)(6) motion to dismiss
7    Garrick's FAC.  See *id.* at 6–7.  County Defendants "respectfully submit the Court has taken a far
8    too narrow view of the 'inextricably intertwined' standard and that County Defendants are entitled
9    to recover their fees incurred to seek the dismissal of Plaintiff's federal claims in his FAC."  *Id.* at
10   6.  They argue that "all of Plaintiff's claims were premised on the theory that Freeman-Garrick
11   improperly used her position with the County to gain an advantage in ongoing divorce
12   proceedings."  *Id.* at 7.  But this inverts the rule, which centers not on whether *plaintiff's* claims
13   relied on "a common factual scenario," *id.*, but whether *defendants* challenged plaintiff's claims
14   with overlapping legal theories.  *See Kearney*, 553 F. Supp. 2d at 1184 ("[M]ere common issues of
15   fact are insufficient to award all fees when legal theories do not overlap or are not inextricably
16   intertwined.").

17   County Defendants have not demonstrated that the legal theories they asserted in their Rule
18   12(b)(6) motion to dismiss the FAC were "inextricably intertwined" with the legal theories raised
19   in their anti-SLAPP motion.  For instance, County Defendants' Rule 12(b)(6) motion raised
20   arguments regarding claim splitting, ECF No. 15 at 16–19; the sufficiency of Garrick's conspiracy
21   claim, *id.* at 22–23; Garrick's failure to comply with the California Government Code's claim
22   presentation requirements, *id.* at 23–24; and the lack of factual support for Garrick's California
23   Bane Act claim, *id.* at 26–27.  County Defendants make no attempt to show that these legal
24   arguments advanced in support of their Rule 12(b)(6) motion overlapped with arguments raised in
25   support of their anti-SLAPP motion.

26   Nor have County Defendants "exclude[d]" this "non-compensable time and explain[ed]
27   their method for doing so," as the Court invited them to do in its prior order.  ECF No. 79 at 5.
28   County Defendants instead continue to seek fees for the entirety of their efforts with respect to

4

their Rule 12(b)(6) motion. In the alternative, they request, if the Court "disagree[s] about whether the claimed expenses associated with the preparation and litigation of the Motion to Dismiss the FAC are compensable," that the Court "impose a discount of 10%." ECF No. 80 at 11. But County Defendants make no showing that 10% is a reasonably accurate estimate of the fees attributable to legal theories posed in the Rule 12(b)(6) motion that did *not* overlap with the legal theories advanced the anti-SLAPP motion. Indeed, the proposed 10% discount does not appear to be an estimate of the fees incurred on the non-overlapping portions of the Rule 12(b)(6) motion at all. County Defendants' only explanation for the 10% discount is that "the rates charged by County Defendants' counsel are well below reasonable rates charged in the Northern District of California" and thus "a further reduction would [not] be appropriate." ECF No. 80 at 11. This method does not allay the Court's concerns about awarding fees not inextricably intertwined with the anti-SLAPP motion. Accordingly, the Court finds this proposed solution to be inadequate. County Defendants have made it impossible for the Court to determine which fees are "inextricably intertwined," and thus the Court declines to award attorney's fees.

## CONCLUSION

For the foregoing reasons, County Defendants' motion for attorney's fees is denied.

**IT IS SO ORDERED.**

Dated: June 23, 2025

_____
JON S. TIGAR
United States District Judge